IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| KIMBERLY DAWN STEPHENSON, | ) ) ) | |
| Appellant, | ) ) | |
| v. | ) ) | 1:17CV262 |
| UNITED STATES DEPARTMENT OF EDUCATION/NELNET,[1] | ) ) ) | |
| Appellee. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Appellant, Kimberly Dawn Stephenson ("Ms. Stephenson" or "Appellant"), proceeding *pro se*, appeals orders entered by the United States Bankruptcy Court for the Middle District of North Carolina, pursuant to 28 U.S.C. § 158, denying her Motion for Injunction and dismissing her adversary proceeding. (ECF No. 1.) Before this Court, in addition to the appealed orders, are several motions filed by Appellant in this Court, which include the following: (a) Motion for Leave to Proceed In Forma Pauperis, (ECF No. 8); (b) Motion per Rule 24(c), (ECF No. 9); (c) Motion Per 28 U.S.C. § 753(f), (ECF No. 11); (d) Motion to Supplement the Appellate Record, (ECF No. 19); (e) Motion to Pay Filing Fee in Installments, (ECF No. 22); (f) Amended Motion to Make Payments, (ECF No. 23); (g) Request to Close

---

[1] Nelnet does not appear to have ever been a party to this case. (*See* ECF No. 4-5 at 1 (stating, in its Answer, that "Defendant United States Department of Education [was] . . . incorrectly sued as 'Department of Ed/Nelnet'").) Further, the United States Department of Education is the only Defendant below who is party to this appeal. *See infra.* The Court will treat the Department of Education as such.

Case, (ECF No. 25); (h) Motion to Strike Request to Close Case, (ECF No. 26); (i) Second Motion to Strike Request to Close Case, (ECF No. 27); and (j) Motion to Strike, (ECF No. 28).

For the reasons stated below, the orders of the Bankruptcy Court are affirmed. In addition, the following motions are granted: Motion to Strike Request to Close Case, (ECF No. 26); and Motion to Strike, (ECF No. 28). The following motions are considered withdrawn by Appellant: Motion for Leave to Proceed In Forma Pauperis, (ECF No. 8); Motion to Pay Filing Fee in Installments, (ECF No. 22); Amended Motion to Make Payments, (ECF No. 23); and Request to Close Case, (ECF No. 25). The following motions are denied as moot: Motion per Rule 24(c), (ECF No. 9); Motion Per 28 U.S.C. § 753(f), (ECF No. 11); and Second Motion to Strike Request to Close Case, (ECF No. 27). Finally, the Motion to Supplement the Appellate Record, (ECF No. 19), is denied.

## I.    BACKGROUND

On April 29, 2016, Ms. Stephenson filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, and on September 14, 2016, the Bankruptcy Court entered an order granting her a discharge. (ECF No. 5-22 at 2–3.) On June 8, 2016, during the pendency of the bankruptcy proceedings, Ms. Stephenson initiated an adversary proceeding before the Bankruptcy Court to discharge pre-petition student loan debts pursuant to 11 U.S.C § 523(a)(8) on the basis that excepting such debts from bankruptcy would impose undue hardship on her. (ECF No. 4-2.) These pre-petition debts were allegedly held by Appellees,

the United States Department of Education ("the Dept. of Ed."), Educational Credit Management Corporation ("ECMC"), and National University ("National").[2] (*Id.*)

While the adversary proceeding was pending, Ms. Stephenson submitted a "Federal Direct Consolidation Loan Application and Promissory Note ('Loan Consolidation Application')" to the Dept. of Ed. (ECF No. 5-22 at 3.) This application was approved, and the Dept. of Ed. consolidated Ms. Stephenson's student loan debt, which had been held by the three above lenders, into a single "Consolidation Loan" held by the Dept. of Ed. (*Id.*) Following the consolidation of Ms. Stephenson's student loans, ECMC was dismissed from the proceeding pursuant to a Consent Order entered by the Bankruptcy Court and signed by Ms. Stephenson and ECMC. (*Id.* at 4.) The Dept. of Ed. filed a Motion to Dismiss, "arguing that the loan consolidation rendered the discharge of Plaintiff's pre-petition loans and this adversary proceeding moot." (*Id.*) Ms. Stephenson then filed a Motion for Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure requesting that the [Bankruptcy] Court: (1) "require [the Dept. of Ed.] to 'reverse' the consolidation of Plaintiff's educational loans"; (2) find the loan consolidation unenforceable; and (3) mandate that Defendant remove the consolidation loan from three credit bureaus. (*Id.* at 10.)

The Bankruptcy Court held a hearing on December 13, 2016, (*see* ECF No. 5-22 at 2), and subsequently entered the two orders that are the subject of this appeal. The court denied Ms. Stephenson's Motion for Injunction, (ECF No. 5-17), and granted the Dept. of Ed.'s

---

[2] National did not appear in the Bankruptcy Court, however, the Bankruptcy Court concluded that "National's role in this adversary proceeding is moot." (ECF No. 5-22 at 3 n.2.)

Motion to Dismiss, (ECF No. 5-21). Ms. Stephenson timely appealed these orders. (ECF No. 1.)

## II.  MOTIONS FILED IN DISTRICT COURT

The Court will begin by addressing the motions filed by Ms. Stephenson in this appeal. The Dept. of Ed. has not filed a response to any of these motions.

### A. Requests to Strike

Appellant has filed two documents each entitled "Motion to Strike Request to Close Case."[3] (ECF Nos. 26; 27.) In these filings, Appellant states that she "wishes to strike Docket # 25 Request to Close Case." (ECF Nos. 26; 27.) In both filings, Appellant also expresses that she "was a bit presumptuous in asking to close this case." (ECF Nos. 26; 27.) Appellant thus appears to attempt to make clear that she seeks to withdraw the request made in ECF No. 25 to close her case with the practical effect of leaving this appeal intact. The Court will therefore construe these two Motions to Strike Request to Close Case, (ECF Nos. 26; 27), as requests to allow Appellant to withdraw the Request to Close Case, (ECF No. 25). Because she has made duplicative requests for the same relief, the Court will allow the first of these requests to withdraw, (ECF No. 26), and the second request, (ECF No. 27), will be denied as moot. The Request to Close Case, (ECF No. 25), is thus withdrawn.

Appellant has also filed a Motion to Strike, (ECF No. 28), which similarly appears to request that the Court allow her to withdraw previously filed documents. In this Motion to Strike, Appellant states: "Please strike the application to proceed In Forma Pauperis." (*Id.*)

---

[3] The first Motion to Strike Request to Close Case, (ECF No. 26), is a handwritten request to strike ECF No. 25; the second Motion to Strike Request to Close Case, (ECF No. 27), is a typed request to strike ECF No. 25.

Though this motion does not reference the docket number of the application, a review of the court file shows that Appellant is referencing ECF No. 8.  Appellant further asserts: "Please strike Motion request for payments per filing fee.  Docket number 22 and 23.  The filing fee has been paid to the Bankruptcy Court . . . therefore these Motions are moot." (*Id.*)  Appellant thus appears to request that the Court permit her to "strike" the Motion for Leave to Proceed In Forma Pauperis, (ECF No. 8); the Motion to Pay Filing Fee in Installments, (ECF No. 22); and the Amended Motion to Make Payments, (ECF No. 23).  The Court will construe these requests to "strike" as requests to allow Appellant to withdraw these motions, and her requests, (ECF No. 28), will be allowed.  The Court will thus consider the following motions withdrawn: Motion for Leave to Proceed In Forma Pauperis, (ECF No. 8); Motion to Pay Filing Fee in Installments, (ECF No. 22); and Amended Motion to Make Payments, (ECF No. 23).

## B.  Remaining Motions

Next, the Court will consider the three remaining, unaddressed motions filed by Appellant in this Court.  These motions include the following:  (a) Motion per Rule 24(c), (ECF No. 9); (b) Motion Per 28 U.S.C. § 753(f), (ECF No. 11); and (c) Motion to Supplement the Appellate Record, (ECF No. 19).

### 1.  Motion Per Rule 24(c)

In her Motion Per Rule 24(c), Appellant states: "A party allowed to proceed on appeal in forma pauperis may request that the appeal be heard on the original record without

reproducing any part. I request that this appeal be heard on the original record."[4] (ECF No. 9.) Appellant appears to bring this motion pursuant to Rule 24(c) of the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 24(c) ("A party allowed to proceed on appeal in forma pauperis may request that the appeal be heard on the original record without reproducing any part."). The Federal Rules of Appellate Procedure, however, do not apply because this case is not presently before a court of appeals. *See* Fed. R. App. P. 1(a)(1) ("These rules govern procedure in the United States courts of appeals."). This motion is therefore denied.

2. Motion Per 28 U.S.C. § 753(f)

In the Motion Per 28 U.S.C. § 753(f), Appellant states: "Pursuant to 28 U.S.C. § 753(f) I ask for the fees of the transcript from 10/24/2016 and 12/13/2017 are paid." (ECF No. 11.) Appellant further conveys: "I filed this Motion timely in bankruptcy court prior to the case being transmitted to district court. I am filing with district court because I believe that is proper procedure. If any Motion is considered moot please disregard and strike." (*Id.*) 28 U.S.C. § 753(f) provides in part: "Each reporter may charge and collect fees for transcripts requested by the parties." 28 U.S.C. § 753(f). The Local Bankruptcy Rules indicate that any fees required for the transmission of a bankruptcy proceeding's transcript must be paid in the Bankruptcy Court:

> If the record designated by any party includes a transcript of any hearing or trial, or a part thereof, that party shall immediately after filing the designation, deliver to the court reporter and file with the clerk of the Bankruptcy Court a written

---

[4] This motion further states: "If any act of Appellant thus far makes this moot then please strike this motion such as the record has been transmitted, but I still may have to formally request this with District Court and not bankruptcy court." (ECF No. 9.)

request for the transcript and make satisfactory arrangements for the payment of its cost.

M.D.N.C. LBR 5011-1(c). Thus, the Bankruptcy Court is the proper forum to consider Appellant's request, and this Court will deny the Motion Per 28 U.S.C. § 753(f), (ECF No. 11).

3. Motion to Supplement the Appellate Record

In her Motion to Supplement the Appellate Record, Appellant states: "Appellant respectfully asks this court to grant this Motion allowing appellant to enter EXHIBIT A on the record. Either the appellate court granting the order to supplement the record or remanding back to the Bankruptcy court to add EXHIBIT A to the record." (ECF No. 19 at 1.) The document that Appellant seeks to introduce on appeal, containing additional e-mails purportedly between her and Mr. Strup, does not appear to have been part of the record in the Bankruptcy Court. (*See id.* at 2 ("This email was not available to Ms. Stephenson until she found it a few weeks ago . . . Ms. Stephenson finally found this email approximately a week after she filed this appeal.").) Federal Rule of Bankruptcy Procedure 8009 sets forth the materials that comprise the record on appeal from a Bankruptcy Court. Fed. R. Bankr. P. 8009. This rule "does not permit items to be added to the record on appeal to the district court if they were not part of the record before the bankruptcy court." *In re Thomas*, No. 3:06cv00037, 2008 WL 112042, at *3 (W.D. Va. Jan. 9, 2008) (quoting *In re CPDC, Inc.*, 337 F.3d 436, 443 (5th Cir. 2003)). For this reason, the Motion to Supplement the Appellate Record, (ECF No. 19), is denied.

## III. APPELLANT'S CONTENTIONS ON APPEAL ON THE MERITS

The Court will now turn to the merits of Ms. Stephenson's appeal. Of the three orders entered by the Bankruptcy Court on December 13, 2016, Appellant challenges two: (1) the

order denying her Motion for Injunction; and (2) the order granting the Dept. of Ed.'s Motion to Dismiss. (*See* ECF No. 15.) This Court affirms these orders of the Bankruptcy Court.

## A. Standard of Review

A district court hearing an appeal from a bankruptcy court reviews factual findings for clear error and conclusions of law de novo. *In re Merry-Go-Round Enters., Inc.*, 400 F.3d 219, 224 (4th Cir. 2005); *Ivey v. First Citizens Bank & Trust Co.*, 539 B.R. 77, 79 (M.D.N.C. 2015), *aff'd sub nom. In re Whitley*, 848 F.3d 205 (4th Cir. 2017). Mixed questions of law and fact are also subject to de novo review. *In re Litton*, 330 F.3d 636, 642 (4th Cir. 2003). A factual finding is "'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Thus, the clear error standard requires a reviewing court to affirm a bankruptcy court's findings of fact so long as such findings are "plausible in light of the record viewed in its entirety, even if the reviewing court might have reached a different conclusion." *Robinson v. Worley*, 540 B.R. 568, 573 (M.D.N.C. 2015), *aff'd*, 849 F.3d 577 (4th Cir. 2017) (citing *Anderson*, 470 U.S. at 573–74). Further, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* at 574.

Moreover, "[e]ven where a bankruptcy court commits an error of law or makes a clearly erroneous factual finding, its error will not result in reversal so long as the reviewing district court concludes that the error was harmless." *Stevens v. Showalter*, 458 B.R. 852, 855 (D. Md. 2011). Federal Rule of Civil Procedure 61, which articulates the harmless error standard and

applies in bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 9005, provides, in pertinent part, that: "Unless justice requires otherwise, no error in admitting or excluding evidence--or any other error by the court or a party--is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." Fed. R. Civ. P. 61; *see* Fed. R. Bankruptcy P. 9005 (stating that Rule 61 applies in bankruptcy proceedings). Finally, decisions committed to the discretion of the bankruptcy court are reviewed for abuse of discretion. *See In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992) (stating that a decision "within the discretion of the bankruptcy judge" is reviewed "for abuse of discretion"). The Court will first address the Bankruptcy Court's order denying Ms. Stephenson's motion for injunctive relief.

### B. Order Denying Motion for Injunction

Ms. Stephenson's Motion for Injunction, brought pursuant to Federal Rule of Bankruptcy Procedure 7065,[5] requested that the Bankruptcy Court: (1) find that Plaintiff's completion of the loan consolidation application and its approval constitutes a contract which was made unenforceable by fraud by counsel for the Defendants; and (2) mandate that Defendants "immediately remove" the Consolidation Loan from Plaintiff's records at three credit bureaus. (ECF No. 4-16 at 8.)

The Bankruptcy Court concluded in its December 13, 2016 Memorandum Opinion and Order denying Ms. Stephenson's motion for injunctive relief, among other things, that:

---

[5] Federal Rule of Bankruptcy Procedure 7065 provides that Federal Rule of Civil Procedure 65 applies in adversary proceedings. Fed. R. Bankr. P. 7065.

(a) the relief sought by Ms. Stephenson pursuant to Fed. R. Civ. P. 65 was mandatory in nature in that it sought to alter the status quo and, further, was not the type of relief available under the Rule 65; (b) Ms. Stephenson failed to satisfy any of the elements required for preliminary injunctive relief; and (c) Ms. Stephenson was not entitled to a permanent injunction.  (ECF No. 5-22 at 9–28.)

In her opening brief, Appellant sets forth more than twenty alleged errors by the Bankruptcy Court to support her position that the court erred in denying her request for injunctive relief.  (ECF No. 15.)  These alleged errors appear to collapse into three major categories:  (1) whether the relief sought by Appellant is available under Rule 65, (*see* ECF No. 15 ¶¶ IV, VI, VII, VIII, XXI, XXVI); (2) whether Appellant has met her burden of showing entitlement to either a preliminary or a permanent injunction on the merits, (*see* ECF No. 15 ¶¶ X, XIII, XV, XVI, XVII, XVIII, XIX, XX, XXIII), and (3) whether Appellant was entitled to relief in any form, (*see* ECF No. 15 ¶ XII).  This Court will address these three major categories of alleged errors.  To the extent the Appellant's alleged errors are redundant, ask questions of this Court, or have no impact on the outcome of this case, consistent with Rule 61, this Court will disregard.[6]  The Court, however, is mindful that Appellant brings this appeal *pro se* and that this Court is obligated to construe her pleadings liberally and attempt to discern the merits of her claims.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) ("A document

---

[6] For example, Appellant argues that: "The court erred when it said, 'Moreover, Plaintiff filed a motion requesting that this Court enter an injunction requiring USDOE to consolidate the loans.[']  Just for the record Ms. Stephenson filed a Motion to Compel ECMC to enter into consolidation not the Dept of Ed."  (ECF No. 15 ¶ IX.)  To the extent this was error, it is harmless.

filed *pro se* is 'to be liberally construed.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))).

This Court begins with whether the relief sought by Appellant is available under Rule 65.

1. The Bankruptcy Court did not err when it determined that the status quo would be altered by the relief Appellant seeks and that the relief sought is not available under Rule 65

Appellant contends that the Bankruptcy Court erred when it determined that the status quo would be altered by the relief she seeks and that, under the circumstances, injunctive relief is inappropriate in this case, under Rule 65. These issues present questions of law, which will be reviewed de novo. The Court will also address certain findings of fact that Appellant contests, which the Court will review for clear error. To the extent any mixed questions of law and fact are presented, these questions will also be reviewed de novo.

Rule 65 governs the issuance of preliminary injunctive relief. Fed. R. Civ. P. 65; *see E. Tenn. Nat. Gas Co. v. Sage*, 361 F.3d 808, 824 (4th Cir. 2004). As recognized by the Bankruptcy Court, such relief is an extraordinary remedy involving the exercise of a very far-reaching power that is only to be employed in the limited circumstances that demand it. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 524 (4th Cir. 2003) (quoting *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001)), *abrogated on other grounds by eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006). Preliminary injunctions may be prohibitory or mandatory. *In re Microsoft*, 333 F.3d at 525. Courts generally employ prohibitory injunctions for the limited purpose of preserving the status quo during the course of litigation in order to prevent irreparable harm and to preserve the ability of the court to render meaningful relief on the merits. *Id.* Mandatory injunctions, on the other hand generally "do not preserve the status quo and normally should be granted only in those

circumstances when the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). "Mandatory preliminary injunctive relief in any circumstance is disfavored, and warranted only in the most extraordinary circumstances." *Taylor v. Freeman*, 34 F.3d 266, 270 n.2 (4th Cir. 1994). Further, "[m]andatory preliminary relief, which goes well beyond simply maintaining the status quo *pendente lite,* is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976). "[A] mandatory preliminary injunction must be necessary both to protect against irreparable harm in a deteriorating circumstance *created by the defendant* and to preserve the court's ability to enter ultimate relief on the merits of the same kind." *In re Microsoft*, 333 F.3d at 526 (emphasis added). The decision whether to grant this relief is in the sound discretion of the court. *See Winter*, 555 U.S. at 24. The party seeking an injunction bears the burden of justifying such extraordinary relief. *Wagner v. Bd. of Educ.*, 335 F.3d 297, 302 (4th Cir. 2003).

The Bankruptcy Court concluded that the relief sought by Ms. Stephenson was a mandatory injunction that would alter rather than preserve the status quo. The Court reasoned:

> [i]n asking the Court to require Defendant to take affirmative steps to reverse the completion of the loan consolidation process and to remove the . . . Consolidation Loan from Plaintiff's records at three credit bureaus, Plaintiff is requesting that the Court restore the prior contractual relationship between her and parties and non-parties to this adversary proceeding . . . . Plaintiff seeks to return to a point in time after the commencement of this adversary proceeding, but prior to the completed loan consolidation process.

(ECF No. 5-22 at 11.) Further, the Court found that: "Plaintiff voluntarily entered into a consolidation of her loans and only now seeks injunctive relief to reinstate the prior

relationship between the parties and the now consensually dismissed ECMC." (*Id.* at 13.) Though Appellant also challenges the finding by the Bankruptcy Court that the loan consolidation was consensual, (ECF No. 15 ¶ X), this Court reviews such finding for clear error and concludes there is ample evidence in the record to support this finding and thus, no clear error.

This Court, like the Bankruptcy Court, concludes that the injunction that Appellant sought from the Bankruptcy Court would necessarily alter the status quo rather than preserve it. To grant her the relief requested would have required the Bankruptcy Court to declare void and reverse a voluntarily-entered contract—a contract that was initiated by Appellant, (ECF No. 5-22 at 3), and which Appellant had gone as far as to file a motion to compel ECMC, the consensually dismissed defendant, to enter, (*see id.* at 6 n.4). Similarly, Appellant's request that the Bankruptcy Court order the Dept. of Ed. to immediately remove the Consolidation Loan from her credit report with three credit agencies, (ECF No. 4-16 at 8), is likewise mandatory in nature, and does in fact, go far beyond the relief contemplated by Rule 65. As the Bankruptcy Court found, though Appellant requested her relief pursuant to Rule 65, which addresses preliminary injunctions, the impact of the relief she sought, had the Bankruptcy Court granted her motion, would be permanent in nature. (*See* ECF No. 5-22 at 10.)

This Court concludes that the Bankruptcy Court did not err as a matter of law in determining that the type of relief sought by Appellant is not available under Rule 65 under the circumstances of this case.

2. <u>The Bankruptcy Court did not err in concluding that Appellant failed to meet her burden of establishing that she is entitled to injunctive relief.</u>

The Court next examines whether Appellant has met her burden of establishing that she is entitled to injunctive relief in any form. The law is well-settled that to obtain a preliminary injunction, a party must establish: (1) "that [it] is likely to succeed on the merits"; (2) "that [it] is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "that the balance of equities tips in [its] favor"; and (4) "that an injunction is in the public interest." *Winter*, 555 U.S. at 20. A party seeking a preliminary injunction must satisfy each of these four requirements. *Id.* Thus, if the moving party fails to demonstrate any one of these requirements, its request for a preliminary injunction must be denied. *See id.*

Here, Ms. Stephenson argues that she established each of the elements to entitle her to injunctive relief (*see* ECF No. 15 ¶ VI), and the Bankruptcy Court found that she had failed to establish each of the required elements, (*see* ECF No. 5-22 at 13–28). While Appellant contends that the Bankruptcy Court committed a number of errors related to her entitlement to injunctive relief, her central argument is that the Bankruptcy Court erred in concluding that she failed to establish that the ECMC attorney and the Dept. of Ed. attorney had committed fraud. (*See* ECF No. 15 at 11.) In her brief, Appellant states: "[She] would like this honorable court to find that the consolidation loan is unenforceable/void due to defendant and former defendant bad acts as described herein – misrepresentation of fact, nondisclosure, [and] fraud." (*Id.*)

The Bankruptcy Court, in the context of considering whether Ms. Stephenson was entitled to a preliminary injunction, stated that Ms. Stephenson "must first demonstrate she is likely to succeed on the merits of her claim." (ECF No. 5-22 at 15.) The Court further

concluded that, in this case, "that burden is two-fold" because Ms. Stephenson "must establish both that she is likely to succeed on the merits of her fraud claim and her underlying dischargeability action with respect to the pre-consolidation loans from USDOE and ECMC." (*Id.* at 15–16.) The Bankruptcy Court concluded that Ms. Stephenson could not succeed on the merits of her fraud claim, and therefore, it did not proceed to consider whether Ms. Stephenson could succeed on the merits of her underlying claim. (*Id.* at 22 & n.7.) Further, in the context of considering whether Ms. Stephenson was entitled to a permanent injunction, the Bankruptcy Court concluded that "any attempt at such relief in this case would be futile" because "[t]he allegations of fraud in this case are insufficient to support such a claim." (*Id.* at 26 & n.7.) Considering de novo the question whether the Bankruptcy Court erred in concluding that Ms. Stephenson could not succeed on her fraud claim, this Court finds no error.

Under North Carolina law, "[t]he essential elements of fraud are: (1) False representation or concealment of a [past or existing] material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Hardin v. KCS Int'l, Inc.*, 682 S.E.2d 726, 733 (N.C. Ct. App. 2009) (alternation in original) (citation omitted) (internal quotation marks omitted). Appellant appears to challenge the Bankruptcy Court's legal conclusions that she was not entitled to relief on her fraud claim on the grounds that opposing counsel falsely represented or concealed a material fact. (*See* ECF No. 15 at 11.)

The Court turns first to Appellant's contentions that the Bankruptcy Court erred in concluding that certain statements made by opposing counsel were not false representations.

Appellant identified what she alleged were false representations by Mr. Strup and Ms. Summer in her brief. (*E.g.*, ECF No. 15 at 17, 18, 31.) With respect to Mr. Strup, Appellant states: "Mr. Strup stated that he proposed Ms. Stephenson dismiss the adversary proceeding without prejudice to proceed with consolidation. This is obviously a false statement because this current adversary proceeding Kimberly Stephenson [v]s. Dept[.] of Ed[.] 2016 case is now dismissed with prejudice." (ECF No. 15 at 17.) The Court, however, disagrees with Appellant that Mr. Strup's statement is false. Appellant likely could have dismissed her adversarial proceeding without prejudice while seeking a consolidation loan, with the consent of the opposing parties. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii) (allowing a plaintiff to voluntary dismiss an action without prejudice by filing "a stipulation of dismissal signed by all parties who have appeared"); *cf.* Fed. R. Bankruptcy P. 7041 (providing that Federal Rule of Civil Procedure 41 "applies in adversary proceedings"). However, Appellant did not dismiss her adversary proceeding without prejudice. Rather, she chose to continue litigating her action and thus subjected herself to the possibility that this action would be dismissed with prejudice.

With respect to Ms. Sumner, Appellant states: "Ms. Sumner told a material misrepresentation of facts when she said, 'This also means that I cannot advise you, what impact, if any, pursuing any of these options would have on your pending adversary proceeding or your credit report. I would observe, however, that court's have considered the borrower's efforts with respect to such options as relevant in the Brunner analysis.'" (ECF No. 15 at 29.) The Court can identify no misrepresentation in this statement. *See In re Frushour*, 433 F.3d 393, 402 (4th Cir. 2005) ("[Appellee] has also failed to meet the third *Brunner* [*v. N.Y. State Higher Educ. Servs. Corp.*, 831 F.2d 395 (2d Cir. 1987)] factor, which requires her to show

that she has made good faith efforts to repay [her] loans….The debtor's effort to seek out loan consolidation options that make the debt less onerous is an important component of the good-faith inquiry." (third alteration in original) (citation omitted) (internal quotation marks omitted)).

The Court next addresses Appellant's argument that the Bankruptcy Court erred in concluding that neither opposing counsel concealed a material fact from her. Appellant states: "[D]efendants purposefully withheld information that my adversary proceeding would be dismissed if I entered into [a] consolidation loan contract. Not only that, stated otherwise a material misrepresentation of fact. In which they had a duty to tell me the truth, to answer me." (ECF No. 15 at 15.)

Under North Carolina law, "[a] claim for fraud may be based on an 'affirmative misrepresentation of a material fact, or a failure to disclose a material fact relating to a transaction which the parties had a duty to disclose.'" *Hardin*, 682 S.E.2d at 733 (quoting *Harton v. Harton*, 344 S.E.2d 117, 119 (N.C. Ct. App. 1986)). A duty to disclose arises in the following circumstances:

> (1) [A] fiduciary relationship exists between the parties to the transaction; (2) there is no fiduciary relationship and a party has taken affirmative steps to conceal material facts from the other; (3) there is no fiduciary relationship and one party has knowledge of a latent defect in the subject matter of the negotiations about which the other party is both ignorant and unable to discover through reasonable diligence."

*Id.* (internal quotation marks omitted). North Carolina law defines a fiduciary relationship "as arising when there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of the one reposing confidence." *Dallaire v. Bank of Am., N.A.*, 760 S.E.2d 263, 266 (N.C. 2014) (citation

omitted) (internal quotation marks omitted). "These characteristics of a fiduciary relationship are readily apparent, for example, in the relationship of…attorney and client." *Id.* (citing *Fox v. Wilson*, 354 S.E.2d 737, 742 (N.C. Ct. App. 1987)).

In this case, contrary to Appellant's position, neither opposing counsel owed a duty to disclose information to Appellant. *See Hardin*, 682 S.E.2d at 733. The first *Hardin* circumstance does not apply because no fiduciary relationship existed between Appellant and opposing counsel. *See id.* No attorney-client relationship existed between Appellant and opposing counsel, *see Dallaire*, 760 S.E.2d at 266, and Appellant has not identified any other grounds on which to conclude that opposing counsel were her fiduciaries. The second *Hardin* circumstance does not apply because the record does not disclose that either counsel took affirmative steps to conceal material facts from Appellant. *See Hardin*, 682 S.E.2d at 733. Further, the third *Hardin* circumstance does not apply because Appellant did not show that either counsel "ha[d] knowledge of a latent defect in the subject matter of the negotiations about which [she was] both ignorant and unable to discover through reasonable diligence," *id.* Therefore, neither opposing counsel had a duty to disclose any information to Appellant.[7]

The Court concludes that there is no basis for this Court to find that the Bankruptcy Court erred in concluding as a matter of law that Ms. Stephenson failed to establish the requisite facts to draw the inference that the Defendants' counsel either falsely represented to

---

[7] Appellant cites cases from Washington state courts that, she contends, support the proposition that opposing counsel has a duty to disclose that extends to *pro se* litigants. (*See* ECF No. 15 at 16-17.) However, the Court will not consider these cases as North Carolina law governs Appellant's fraud claim. *See Boudreau v. Baughman*, 368 S.E.2d 849, 854 (N.C. 1988) (stating that under North Carolina's conflict-of-laws rule "[f]or actions sounding in tort, the state where the injury occurred is considered the situs of the claim").

Ms. Stephenson any material fact or failed to disclose a material fact that counsel had a duty to disclose. Moreover, this Court finds no clear error in the numerous factual findings made by the Bankruptcy Court with which Appellant assigns error to support the conclusions that she was not entitled to injunctive relief based on her fraud claim and thus had not demonstrated a likelihood of success on the merits. (*See, e.g.*, ECF No. 15 ¶¶ XVI, XVII, XIX.)

3. The Bankruptcy Court did not err when it failed to liberally construe Appellant's request to make the consolidation loan unenforceable/void as a request for declaratory judgment

Appellant contends that the Bankruptcy Court erred in failing to construe her request for injunctive relief as a request for a declaratory judgment. (*See* ECF No. 15 ¶ XXVII ("Should the [Bankruptcy] court have liberally construed this to mean Ms. Stephenson was asking for declaratory relief as in [citing cases]….In which the consolidation loan was found to be unenforceable by way of declaratory relief.").) *Pro se* litigants are entitled to have their filings liberally construed. *Erickson*, 551 U.S. at 94. However, the Court does not act as their counsel. *Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."). Nevertheless, the Bankruptcy Court's consideration of Ms. Stephenson's Motion for Injunction as a request for injunctive relief, rather than a declaratory judgment, does not provide a ground for reversal. Appellant could not succeed on the merits of her fraud claim, *see supra*, and thus, she was not entitled to relief in any form, including declaratory relief.

Having considered each of Appellant's allegations of error by the Bankruptcy Court related to its order denying the Motion for Injunction, this Court will affirm this order of the Bankruptcy Court.

## C. Order Granting Motion to Dismiss

This Court next considers Appellant's contentions that the Bankruptcy Court erred in granting Dept. of Ed.'s motion to dismiss. As stated in her brief, "Ms. Stephenson's next contention is that a 'new loan' is for Federal Classification purposes only and does not pertain to the bankruptcy code thus the case should not have been dismissed." (ECF No. 15 at 11.) Appellant elaborates on this argument by stating: "A Bankruptcy Court is not obligated to classify a consolidation loan as a 'new loan' thus having to dismiss a 523(A)8 case." (*Id.* at 23.) Appellant also raises a second, related argument, by contending: "If by chance this court finds that 'new loan' applies to the bankruptcy code then the Department of Education loans held by Appellant in this case should still be allowed to be discharged. These loans held by the Department of Education were held by the Department of Education prior to consolidation and after consolidation. No money transferred hands from the Department of Education to the Department of Education. Thus the discharge should be allowed and the consolidation loan modified to remove Department of Education upon discharge." (*Id.* ¶ III.)

As to the first argument, Appellant's contention "that a 'new loan' is for Federal Classification purposes only and does not pertain to the bankruptcy code," (*id.* at 11), does not provide grounds for reversal. The Bankruptcy Court employed the phrase "new loan" in quoting another opinion, *In re Hughes*, No. 11-00116, 2012 WL 6055464 (Bankr. N.D.W. Va.

Dec. 6, 2012), *aff'd sub nom. Hughes v. Am. Educ. Servs.*, No. 1:13CV108, 2013 WL 4806228

(N.D.W. Va. Sept. 9, 2013). Specifically, the Bankruptcy Court quoted the following language:

> [A] lender that consolidates student loans must use the proceeds to pay the holder of the loans selected for consolidation. [citations omitted] Using the proceeds to pay the original holder(s) of the consolidated obligation discharges the obligor's liability on those loans. [citations omitted] And the consolidation loan constitutes a "new loan[ ]." [citations omitted] Thus, consolidation under FFELP extinguishes the original student loans and creates a new enforceable obligation.

(ECF No. 5-22 at 31 (alterations in original) (quoting *In re Hughes*, 2012 WL 6055464, at *2).)

This quoted material contains the only instance where the phrase "new loan" appears in the

Bankruptcy Court's opinion. (*See generally* ECF No. 5-22.) Thus, the Bankruptcy Court did

not grant the Dept. of Ed.'s motion to dismiss on the basis of its application of the phrase

"new loan." Rather, the Bankruptcy Court concluded that the Consolidation Loan was not

dischargeable (and thus the action should be dismissed) because Ms. Stephenson's decision to

enter into the Consolidation Loan extinguished her student loan debt that existed before she

filed for bankruptcy and created a distinct, post-petition debt not subject to discharge. (*See id.*

at 31–32.)

Nor is the Court persuaded by Appellant's argument that her Consolidation Loan

should be dischargeable because Dept. of Ed. held both the pre-petition and the consolidated

post-petition debt.[8] Consolidated, post-petition student loan debt is not considered pre-

petition debt because the lender of the pre-petition debt and the consolidated, post-petition

debt is the same. *See, e.g., In re Hull*, 223 B.R. 876, 878–79 (Bankr. W.D.N.Y. 1998) (rejecting

---

[8] Further, the Court observes that this argument is inconsistent with the facts of this case because Dept. of Ed. was not the sole entity that held Appellant's pre-petition debt. *See supra* text accompanying note 2.

argument that a post-petition consolidated student loan was dischargeable because "there was no new lender involved in the [c]onsolidation [l]oan").

Appellant cites two cases in support of her argument that her Consolidation Loan should be dischargeable: *In re Hughes*, and *In re Flint*, 238 B.R. 676 (E.D. Mich. 1999). Turning first to *In re Hughes*, Appellant appears to contend that the Bankruptcy Court erred on three grounds in relying on this case for the proposition that a consolidated, post-petition student loan is not dischargeable. (ECF No. 15 at 24–25.) First, she states: "In [*In re Hughes*,] . . . [a] district court heard the appeal, but this issue has not been heard by an appellate circuit court and definitely not the US Supreme Court." (*Id.* at 24.) Second, she contends that, like the *In re Hughes* debtor: "Ms. Stephenson's consolidation loan form OMB 1843-0053 expired on 4/30/2016. Ms. Stephenson signed this form on 9/17/2016. An expired contract should void the contract as well." (*Id.* at 25.) Third, she raises a series of factual distinctions between the facts of her case and *In re Hughes*: "Basically, In Robert Hughes case which defendant relies on Mr. Hughes did not file a Motion for Summary Judgment nor was material misrepresentation of facts, nondisclosure or fraud a contention. Mr. Hughes waited too long to claim fraud upon inducement during appeal. That is not the case here. Also in the Hughes case that Defendant relies so heavily on the order references Ffelp and Ffelp Consolidation loans. . . . Ffelp loans and Ffelp consolidation loans were terminated in July, 2005." (*Id.* at 24–25.) The Court concludes that the first two of these contentions lack merit.[9] Further, the

---

[9] As to the first contention, this Court may consider as persuasive authority an opinion issued by another district court. With respect to the second contention, Appellant presents no authority supporting the proposition that a contract recorded on an expired form is void, and the Court therefore declines to further address this issue.

factual distinctions raised by Appellant have no bearing on the holding of *In re Hughes*, which applies with force here: "Because the Debtor's prepetition student loans no longer exist and his consolidation loan cannot be discharged in this bankruptcy proceeding, his complaint fails to state a claim upon which relief can be granted." *In re Hughes*, 2012 WL 6055464, at *3. Thus, the Court is not persuaded that the Bankruptcy Court misapplied *In re Hughes*.

With respect to *In re Flint*, Appellant contends: "In re: Susan Flint [v]s. United States Aid Fund (Michigan 1999) United [States] argues that treating consolidated loans differently from originally issued student loans creates a method by which student debtors can abuse the government subsidized loan program and prevent funds from being available for future student borrowers." (ECF No. 15 at 24.) She continues to state: "The above statement is contradictory to what the Defendant Department of Education wants to do in Ms. Stephenson's case and in a minimal few select other cases where the debtor was pro se and that is treat consolidated loans differently from originally issued student loans." (*Id.*) Contrary to Appellant's contentions, these statements do not provide grounds for reversal. *In re Flint* considered the question whether a consolidated student loan was an educational loan within the meaning of 11 U.S.C. § 523(a)(8). *In re Flint*, 238 B.R. at 677. This issue is not in dispute in this appeal. The Court thus finds no error on these grounds.

Finally, Appellant states: "The Court erred when it stated, 'the Court determines that she has not stated any meritorious claims for relief or defenses to the Motion to Dismiss." (ECF No. 15 ¶ V.) To support this contention, Appellant relies on *In re Mason*, 300 B.R. 160 (D. Conn. 2003), and specifically, its statement: "Under the unique circumstances of this proceeding the very creation of the Consolidation Debt, even on favorable economic terms,

visited prejudice upon the Plaintiff," (ECF No. 15 at 26 (quoting *In re Mason*, 300 B.R. at 167)). However, that statement appears in the *In re Mason* court's analysis of a litigant's claim of duress. *See In re Mason*, 300 B.R. at 165-67. Appellant has plead a fraud claim, not a duress claim, and this statement cited from *In re Mason* does not, therefore, support Appellant's argument. The Court finds no error based on these arguments, and thus, the Bankruptcy Court's conclusion that the Dept. of Ed.'s motion to dismiss should be granted will be affirmed.

### D. Constitutional Argument

Finally, Appellant argues that 11 U.S.C. § 523(a)(8) is void-for-vagueness. In her brief, she states: "The next contention is that 523 (a) (8) is unconstitutional due to vagueness. Undue hardship is not defined." (ECF No. 15 at 13.) However, the Bankruptcy Court did not reach the question whether Ms. Stephenson was entitled to have her student loans discharged on the ground that such debt imposed an undue hardship on her. Rather, her proceeding was dismissed because the Consolidation Loan was not dischargeable. (*See* ECF No. 5-22 at 35.) Thus, this issue does not provide grounds for reversal. Moreover, it appears that Appellant raises her vagueness challenge for the first time on appeal. (*See generally* ECF No. 5-22.) "[I]ssues raised for the first time on appeal generally will not be considered." *Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993).

### IV. CONCLUSION

For the reasons stated above, the Court concludes that the orders of the Bankruptcy Court that Appellant challenges on appeal are affirmed. Further, the Court will grant the Motion to Strike Request to Close Case, (ECF No. 26), and the Motion to Strike, (ECF No.

28).  The following motions will be considered withdrawn: Motion for Leave to Proceed In Forma Pauperis, (ECF No. 8), Motion to Pay Filing Fee in Installments, (ECF No. 22), Amended Motion to Make Payments, (ECF No. 23), and Request to Close Case, (ECF No. 25).  The following motions will be denied as moot: Motion per Rule 24(c), (ECF No. 9), Motion Per 28 U.S.C. § 753(f), (ECF No. 11), and Second Motion to Strike Request to Close Case, (ECF No. 27).  Finally, Appellant's Motion to Supplement the Appellate Record, (ECF No. 19), will be denied.

### ORDER

For the reasons stated herein:

IT IS THEREFORE **ORDERED** that the orders of the United States Bankruptcy Court for the Middle District of North Carolina, (ECF Nos. 5-17; 5-21), are **AFFIRMED**.

IT IS FURTHER **ORDERED** that Appellant's Motion to Strike Request to Close Case, (ECF No. 26), is **GRANTED**.  The Court will consider the Request to Close Case, (ECF No. 25), withdrawn.

IT IS FURTHER **ORDERED** that Appellant's Motion to Strike, (ECF No. 28), is **GRANTED**.  The Court will consider withdrawn the Motion for Leave to Proceed In Forma Pauperis, (ECF No. 8), the Motion to Pay Filing Fee in Installments, (ECF No. 22), and the Amended Motion to Make Payments, (ECF No. 23).

IT IS FURTHER **ORDERED** that the following motions filed by Appellant are **DENIED** as moot: Motion per Rule 24(c), (ECF No. 9), Motion Per 28 U.S.C. § 753(f), (ECF No. 11), and Second Motion to Strike Request to Close Case, (ECF No. 27).

IT IS FURTHER **ORDERED** that Appellant's Motion to Supplement the Appellate

Record, (ECF No. 19), is **DENIED**.

This, the 28th day of March, 2018.

/s/ Loretta C. Biggs
United States District Judge